**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Renee T. Kraft, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE PENDING MOTIONS** |
| | ) | |
| vs. | ) | |
| | ) | |
| Mike Johanns, Secretary of the | ) | Case No. 1:04-cv-084 |
| United States Department of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is (1) a document entitled "Amended Complaint Clarification of Claims for Relief Part 5," which plaintiff filed on September 8, 2005, and which the court construes as a Motion to Amend Complaint, (2) plaintiff's Motions for Sanctions, which were filed on October 5, 2005, and February 27, 2006; and (3) plaintiff's Motion for Dispositive Relief, which was also filed on February 27, 2006.

The court also has before it Defendant's Motion for Summary Judgment, but this will be the subject of separate order.

**I.    BACKGROUND**

Kraft initiated the above entitled action by complaint on June 25, 2004, asserting that she was "misled and deceived" into signing the settlement agreements. (See Docket No. 1). Her complaint consisted of a lengthy narrative, the gist of which was that the FSA did not comply with the terms of the parties' settlement agreements to the extent that it did not provide her with reasonable workplace accommodations, failed to respect her privacy rights, discriminated against her on the basis of her age and disability during the term of her employment, and incorrectly calculated her

1

back pay, which in turn led to a miscalculation of her retirement benefits. (<u>See</u> <u>id.</u>). She requested (1) a review of the EEOC claims process; (2) an order compelling the FSA to adhere to the settlement agreements the parties executed on October 5, 1999, and September 4, 2001; and (3) redress with respect to her complaints of discrimination. (<u>See</u> <u>id.</u>).

On September 3, 2004, the USDA filed a Motion for Definite Statement on the grounds that Kraft's complaint did not meet the pleading rules of Fed. R. Civ. P. 10(b). (<u>See</u> Docket No. 8). Although the court acknowledged that the complaint was not a model of clarity, it entered an order on September 27, 2004, denying the motion and directing the USDA to file a responsive pleading, which the USDA did on November 12, 2004. (<u>See</u> Docket Nos. 9 and 10).

The Rule 16(b) scheduling conference was postponed until March 21, 2005, at Kraft's request so that she could have additional time to retain counsel. (<u>See</u> Docket Nos. 12 and 14). Kraft subsequently petitioned the court for appointment of counsel, which the court denied on January 1, 2005. In light of this denial, Kraft elected to proceed <u>pro se</u>. (<u>See</u> Docket No. 16).

On May 3, 2005, Kraft filed a Motion to File Consolidation or Bifurcation of Claims, a Motion to Join Additional Parties, and a Motion to Amend Pleadings or Add Claims or Defenses. (<u>See</u> Docket Nos. 22-25). The court denied all three motions in its order dated May 25, 2005. (<u>See</u> Docket No. 26).

On September 2, 2005, the USDA filed a Motion for Summary Judgment or, in the alternative, Motion for Bifurcation. (<u>See</u> Docket No. 31). As noted, this motion is being addressed by a separate order.

On September 6, 2005, Kraft filed a Motion to Compel Delivery of Plaintiff's Interrogatories and a Motion to Compel Production of Documents. (<u>See</u> Docket Nos. 32 and 33). The USDA filed

a response to Kraft's motions on September 16, 2005, averring that it had served responses to Kraft's discovery requests. (See Docket No. 39). The court denied Kraft's motions without prejudice on September 26, 2005. (See Docket No. 42).

On September 8, 2005, Kraft filed a document entitled Amended Complaint and Clarification of Claims for Relief. (See Docket No. 35). Therein, she expressed her desire to rescind the parties' settlement agreements. (See id.). In addition, she requested:

> relief in the amount of $750,000.00 to cover actual medical expenses, Thrift Savings losses, Thrift loan defaults, education expenses (in an attempt to mitigate damages), illegal release of confidential medical records, legal expenses, appeal expenses, and compensatory damages for pain and suffering, mental anguish, loss of job, loss of dignity, loss of self esteem, loss of housing, defamation of character and loss of affection.

(See id.). She also requested that her personnel records be corrected to fully reflect what she been promised. The USDA responded by filing a Motion to Strike Amended Complaint. (See Docket No. 36).

On October 5, 2005, Kraft filed a Motion for Sanctions on the grounds that the USDA had failed to respond to her discovery requests or otherwise cooperate during discovery. (Docket No. 47).

On January 20, 2006, the court held a hearing on the USDA's Motion for Summary Judgment. AUSA Cameron Hayden appeared on the USDA's behalf. Kraft appeared *pro se*.

On February 27, 2006, Kraft filed a Motion for Dispositive Relief along with another Motion for Sanctions regarding the USDA's alleged failure to respond to her discovery requests or otherwise cooperate during discovery. (See Docket Nos. 60 and 62).

On March 8, 2006, the USDA filed a response to Kraft's Motion for Dispositive Relief and Motion for Sanctions. (See Docket Nos. 64 and 65).

## II.     MOTION TO STRIKE AMENDED COMPLAINT

As noted above, Kraft filed a document captioned Amended Complaint Clarification of Claims for Relief Part 5 on September 8, 2005, which was treated as a motion to amend complaint. (See Docket No. 35). Therein, she requests that the court vacate the settlement agreements on the grounds that she signed the agreements under false pretenses. (See id.). In addition, she reiterates her claims of discrimination, describing the factual basis for these claims while citing alternatively to Title VII, various sections of the Federal Code of Regulations, the Americans with Disabilities Act, and the Rehabilitation Act. (See id.). She also requests monetary relief in the amount of $750,000 "to cover [her] actual medical expenses, Thrift savings losses, Thrift loan defaults, educational expenses . . . . , illegal release of confidential medical records, legal expenses, appeal expenses, and compensatory damages for pain and suffering, mental anguish, loss of job, loss of dignity, loss of self esteem, loss of housing, defamation of character and loss of affection." (Id.) Finally, she requests that the court review and correct all back pay and retirement records for the years 1997 through 2001. (See id.).

On September 9, 2005, the USDA filed a Motion to Strike Amended Complaint on the grounds that (1) it had not consented to the amendment, (2) the plaintiff had not complied with Rule 15 of the Federal Rules of Civil Procedure in that she had not requested leave to file an amended complaint, and (3) the pre-trial deadline for amending the pleadings had lapsed. (See Docket No. 36).

The court concludes that the proposed amendments seek only to further define plaintiff's requests for relief under Part V of the form *pro se* complaint form that she used and do not add any new substantive claims. Consequently, the court will permit Kraft to amend her complaint in

accordance with the filing made at Docket No. 35 and, in that regard, the USDA's Motion to Strike Amended Complaint (Docket No. 36) is **DENIED**. However, so that there will be one only document constituting plaintiff's complaint, Kraft needs to take what she filed at Docket No. 1 and attach to it what she filed at Docket No. 35 and file it as a new document and serve a copy upon the Assistant United States Attorney. Further, given the nature of the amendments and the court's disposition of the remaining motions, the USDA will not be required to plead in response to the amended complaint and the allegations shall be deemed denied by the USDA.

### III.     MOTION FOR SANCTIONS

On October 5, 2005, Kraft filed a "Motion for Sanctions According to Rule 37" on the grounds that the USDA failed to provide her with requested documentation or otherwise respond to a number of her discovery requests. (See Docket No. 47). Specifically, she took exception to the USDA's failure to respond to five of her Interrogatories (Nos. 7, 11, 12, 17, and 18) and failure to provide her with copies of a letter written by Todd Neurhor in December 1999, handbook 27-PM, and notes/records of EEO mediators. (See id.).

On October 19, 2005, the USDA filed a response wherein it expressed a desire to meet with Kraft in an effort to resolve this matter. (See Docket No. 48). In addition, it intimated that it required additional time to comply with the plaintiff's request and would produce any documents to which it has access. (See id.). On December 13, 2005, the USDA filed a Return to Motion for Sanctions, stating that it had supplied Kraft with additional discovery and suggested that it would likely ignore any future discovery demands from Kraft. (See Docket No. 53).

On February 27, 2006, Kraft filed an exact duplicate of the "Motion for Sanctions According to Rule 37" she had filed previously on October 5, 2005. (See Docket No. 62). Notably, she did not

address the USDA's representation that it had provided her with additional discovery it had deemed relevant. (See id.).

In response, the USDA asserted that it has always given Kraft discovery when requested, adding that the parties have met informally on occasion to work out discovery disputes. (See Docket No. 65).

Whether the USDA provided Kraft with the discovery she requested remains an open question. Nevertheless, it is apparent that the USDA provided the plaintiff with additional discovery. Notably, Kraft has not raised any further objections or otherwise indicated to the court that the additional discovery provided to her by the USDA was deficient. Given the USDA's efforts to comply with Kraft's discovery requests, the court finds that circumstances do not warrant the imposition of sanctions at this time. Accordingly, the court **DENIES** Kraft's Motions for Sanctions (Docket Nos. 48 and 62).

## IV. KRAFT'S MOTION FOR DISPOSITIVE RELIEF

Kraft, in her Motion for Dispositive Relief, references additional documentation that purportedly quantifies the damages she has sustained to date and essentially renews the prayer for relief contained in her original complaint. (See Docket No. 60). In response, the USDA requests that the motion be stricken as untimely. (See Docket No. 65). It adds that the motion neither cites to any provision of the federal rules nor sets forth a statutory basis for relief. (See id.) Finally, it points out that Kraft has not filed the requisite brief in support of the motion. (See id.)

The court concludes that the USDA's objections are well taken. Further, procedural irregularities aside, Kraft is not entitled to summary judgment given the court's disposition with respect to the USDA's Motion for Summary Judgment as set forth in the court's separate order and

the material issues of fact that exist with respect to the remaining claims. Consequently, Kraft's Motion for Dispositive Relief (Docket No. 60) is **DENIED**.

**V.     CONCLUSION AND ORDER**

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's motion for an "Amended Complaint Clarification of Claims for Relief Part 5" insofar (Docket No. 35) is **GRANTED** and Defendant's Motion to Strike Amended Complaint (Docket No. 36) is **DENIED** subject to the plaintiff filing a new pleading by combining what she filed at Docket No. 1 with what she filed at Docket No. 35, placing a new caption on it entitled Amended Complaint, and serving a copy upon the Assistant United Attorney. The defendant will not be required to plead in response to the amended complaint and the allegations shall be deemed denied by the defendant.

2. Plaintiff's Motions for Sanctions (Docket Nos. 47 and 62) are **DENIED**.

3. Plaintiff's Motion for Dispositive Relief (Docket No. 60) is **DENIED**.

Dated this 3rd day of May, 2006.

        /s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge