**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Renee T. Kraft, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER AMENDING JUDGMENT** |
| | ) | **AND GRANTING MOTION FOR** |
| vs. | ) | **ATTORNEY'S FEES AND COSTS** |
| | ) | |
| Mike Johanns, Secretary of the | ) | |
| United States Department of Agriculture, | ) | |
| | ) | Case No. 1:04-cv-084 |
| Defendant. | ) | |

_____

Before the court are the plaintiff's Motions to Enforce Judgment and for Attorney's Fees and Costs and the defendant's Motion for Relief From Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

**I.    DISCUSSION**

On February 25, 2008, plaintiff filed a motion to enforce the court's judgment. The defendant responded on February 29, 2008 claiming that the judgment had been complied with by the defendant.

On March 6, 2008, plaintiff filed a Motion for Attorney's Fees and Costs seeking $8,638.93 in attorney's fees and $2,469.79 in additional costs. Defendant filed a response to the motion on March 6, 2008. The defendant did not object to the request for attorney's fees or the costs for court filings, supplies, copying, postage, depositions, and phone calls, but the defendant did object to the request for expert witness fees/costs for David Braslau, a non-testifying expert.

The court held a hearing on the motions on March 25, 2008. At the hearing, plaintiff's attorney, who represented the plaintiff through the entry of judgment, conceded that the defendant's

1

objection to the request for reimbursement of expert fees was well taken.  Consequently, there is no longer any dispute regarding the payment of fees and costs either in terms of liability or amount.

With respect to plaintiff's motion for enforcement of the judgment, plaintiff conceded at the hearing that the defendant has now complied with the court's initial judgment in terms of (1) paying the required backpay - with one exception, (2) adjusting her payroll records, and (3) forwarding the necessary information to the OPM for calculation of her disability annuity.  She also agreed that the OPM has now used in its annuity calculation the correct salary information.

Plaintiff  continued to object, however, to the amount of the offset taken by the defendant in paying the backpay required by the court's judgment.  The court's judgment had allowed the defendant to offset certain amounts paid by OPM to avoid double compensation with respect to the amount of backpay that was ordered.  Plaintiff claimed that, in making the offset, the government had collected twice for a life insurance premium; hence, the offset taken was too large and the amount of backpay she received was correspondingly insufficient.

During the hearing, while the court made no final ruling, it appeared that plaintiff's objections regarding the double payment for the life insurance premium were well-taken and that the defendant had claimed too much in offset from the backpay that the court's judgment otherwise ordered to be paid.  The court urged the parties to see if the matter could not be resolved in some fashion.

Since the hearing, the defendant has now moved the court pursuant to Rule 60(b)(6) to amend the judgment to impose a $600 monetary obligation upon the defendant in order to resolve the problem of the amount of the too large of an offset.  Apparently, this will facilitate payment to the plaintiff, rather than having to go through an extended adjustment between the Department of Agriculture and OPM to resolve what appears to have been an inadvertent mistake. Kraft has advised

2

that she does not object to resolving the problem in this fashion, and the court compliments the defendant for coming up with a commonsense solution to the problem.

## II.    CONCLUSIONS AND ORDER

Based on the foregoing, the court hereby concludes and **ORDERS** as follows:

1.    Plaintiff's motion for attorney's fees and costs (Docket No. 90) is **GRANTED IN PART** and **DENIED IN PART**.   Plaintiff is entitled to $8,638.93 in attorney's fees and costs in the amount of $1,829.79 (*i.e.*, plaintiff's total costs less the expert witness fees/costs for David Braslau) for a total award of  **$10,468.72** in costs and attorney's fees and the final judgment shall be amended accordingly.

2.    Defendant's Motion for Relief From Judgment (Docket No. 95) is **GRANTED**.  The Final Judgment shall be amended to impose a money judgment against the defendant and in favor of the plaintiff in the amount of **$600.00**.

3.    The Plaintiff's Motion to Enforce Judgment (Docket No. 87) is **DISMISSED IN PART**, except for that portion relating to the amount of offset which is rendered **MOOT** by the entry of judgment in the amount of $600 as set forth above.

4.    The court finds and concludes that the defendant has complied with the court's prior orders and that the only remaining obligations of the defendant are for the payment of the $600 and the amount of attorney's fees and costs set forth above.

**LET JUDGMENT BE AMENDED ACCORDINGLY.**

Dated this 22nd day of April, 2008.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court